FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 5 2016

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FREDERICK BROOKS                                        PLAINTIFF

VS.                          CASE NO. 4:16cv71-SWW/JVV

NEW PROJECT, LLC d/b/a HAMPTON INN &
SUITES                                                DEFENDANTS

## PETITION FOR REMOVAL

COMES NOW the Defendant, New Project, LLC d/b/a Hampton Inn & Suites, by its

attorneys, Barber Law Firm PLLC., and, for this Petition for Removal, states:

1.      That, on or about December 23, 2015, an action was commenced in the Circuit

Court of Pulaski County, Arkansas, styled Frederick Brooks v. New Project, LLC d/b/a Hampton

Inn & Suites; Hilton Worlwide, Inc. and was assigned docket number 60CV-15-6400.   In

compliance with 28 U.S.C. § 1446(a), true and correct copies of all known process and pleadings

filed with the Circuit Court Clerk are attached hereto and marked collectively as Exhibit "A";

2.      That the above-described action is a civil action, which may be removed to this

Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, in that it is a civil

action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest

and costs, and is between citizens and entities of different states, 28 U.S.C. § 1332(a);

3.      That, therefore, this action is one in which this Court would have original

jurisdiction pursuant to 28 U.S.C. § 1332;

4.      That Defendant's Petition for Removal is being timely filed within thirty (30) days

of actual service of the Summons and Complaint which occurred on February 2, 2016 pursuant

to 28 U.S.C. § 1446(b);

This case assigned to District Judge Wright
and to Magistrate Judge Volpe

1

5.     That, for diversity purposes, Plaintiff, Frederick Brooks, is an individual and a citizen of the state of Tennessee as alleged in the attached Complaint.

6.     That, for diversity purposes, Plaintiff resides in Tennessee as alleged in the attached Complaint.

7.     That, for diversity purposes, Defendant, New Project, LLC d/b/a Hampton Inn & Suites, is an entity incorporated under the laws of the state of Arkansas with its principal place of business in Little Rock, Pulaski County, Arkansas.

8.     That complete diversity exists in this cause.

9.     That, in compliance with 28 U.S.C. § 1446(d), notice of this removal has been given to the Circuit Court of Pulaski County, Arkansas, as well as to counsel for Plaintiff, by the filing and service of a Notice of Removal to Federal Court, a copy of which is attached hereto as Exhibit "B".

10.     A true and correct copy of the Notice of Removal to Federal Court is being filed with the Clerk of the Circuit Court of Pulaski County, Arkansas this date.

WHEREFORE, Defendant, New Project, LLC d/b/a Hampton Inn & Suites, prays the action now pending in the Circuit Court of Pulaski County, Arkansas, be removed therefrom to this Court, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

  /s/ R. Kenny McCulloch
R. Kenny McCulloch, AR Bar Number 88044
Attorneys for Defendant New Project, LLC d/b/a
Hampton Inn & Suites
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3483
Telephone: (501) 372-6175 / Fax: (501) 375-2802
E-mail: rkmcculloch@barberlawfirm.com

2

### Verification by R. Kenny McCulloch

I hereby state under oath that the statements set forth in the foregoing Petition are true and correct to the best of my knowledge, information and belief.

_____
R. Kenny McCulloch

STATE OF ARKANSAS          )
                           ) ss.     **VERIFICATION**
COUNTY OF PULASKI          )

SUBSCRIBED AND SWORN to before me, the undersigned Notary Public, on this, the 5th day of February, 2016.

> MARSHA M. ANDRESS
> NOTARY PUBLIC
> My Commission Expires April 1, 2020
> Commission #12375574
> Pulaski County, Arkansas

_____
NOTARY PUBLIC

My Commission Expires: _4-1-20_

### CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Thomas L. Barron
Barron & Tucker, P.A.
212 Center Street. Suite 600
Little Rock, AR 72201

　　　　/s/ R. Kenny McCulloch
　　　　R. Kenny McCulloch

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2015-Dec-23  14:39:16
60CV-15-6400
C06D09 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

FREDERICK BROOKS                                    PLAINTIFF

v.                              NO. _____

NEW PROJECT, LLC d/b/a HAMPTON                      DEFENDANTS
INN & SUITES; HILTON WORLWIDE, INC.

## COMPLAINT

Comes now, Frederick Brooks, (hereinafter "Plaintiff") and for his Complaint against the Defendants, New Project, LLC d/b/a Hampton Inn & Suites and Hilton Worldwide, Inc., alleges and states:

1.    The Plaintiff is a resident of Tennessee.

2.    The Defendant New Project, LLC d/b/a Hampton Inn & Suites is a domestic Limited Liability Company.

3.    The Defendant Hilton Worldwide, Inc., is a foreign corporation, licensed to conduct business in Arkansas.

4.    The Defendant New Project, LLC d/b/a Hampton Inn & Suites (Herein after "Hampton Inn") owns and operates a hotel called Hampton Inn & Suites located at 1301 Shackleford Road, Little Rock, Arkansas 72211.

5.    Upon information and belief, Hampton Inn & Suites operates its hotel pursuant to a franchise agreement with Defendant Hilton Worldwide, Inc. (Hereinafter "Hilton"), wherein Hilton granted  Hampton Inn the use of Hilton's brand name, service

**EXHIBIT "A"**

marks and operating systems. Hilton is entitled to periodic inspections to ensure that its brand standards are maintained.

6.      This is a claim for personal injuries which occurred at the Hampton Inn in Little Rock.

7.      This Court has jurisdiction of the parties and cause of action herein and is the proper venue.

8.      On or about March 2, 2014, sleet fell over Little Rock and the surrounding area. As a result, the Hampton Inn used salt or other means to clear its entrances, exits and the parking area in front of the lobby of ice. Inexplicably, the Hampton Inn failed to clear the rest of its designated parking areas. In addition, the Hampton Inn failed to restrict access or warn its customers that only portions of its parking had been cleared of ice.

9.      On the evening of March 4, 2014 the Plaintiff was a guest at the Defendant's hotel. As a guest, he parked his car in the hotel's designated parking lot. As the Plaintiff was walking to his car, he slipped on a patch of ice and fell, injuring his left shoulder.

10.     There was no material precipitation between March 2, 2014 and March 4, 2014.

11.     The Defendant's hotel was open 24 hours a day and its employees knew or should have known that the failure to clear its parking lot of ice created a hazard to its customers, in that its customers were forced negotiate the ice on certain portions of the designated parking lot. As such, the Defendant had a duty to either remove the hazard, restrict access to the hazard or at least warn its customers.

12.    The Defendant was negligent in the following manner:

    a.    Failing to maintain a safe premises;

    b.    Failing to remove the accumulations of ice and snow;

    c.    Failing to restrict access to the hazard;

    d.    Failing to warn its customers of the hazard ;

13.    The Plaintiff's damages and injuries were directly and proximately caused by the Defendant's negligence. Specifically, the Plaintiff suffered a torn rotator cuff on his left, which necessitated surgery.

14.    Prior to the referenced incident, the Plaintiff was a healthy, able-bodied person. As a result of his permanent injuries, the Plaintiff has lost time from work and will continue to lose time in the future; the Plaintiff has suffered bodily pain, mental anguish, and scarring and will continue to suffer same in the future. The Plaintiff also incurred medical and related expenses and will incur same in the future. As such, he is entitled to be awarded an amount that will compensate him for these losses.

15.    Plaintiff demands a trial by jury on all issues herein plead.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Frederick Brooks, prays for a jury trial and a judgment of this Court against the Defendants for damages as cited herein; that his damages are in excess of that required by federal diversity jurisdiction; and specifically against the Defendant for costs, penalties, pre and post judgment interest and attorney fees, other costs of this action and any and all other relief to which he may be entitled.

Respectfully submitted,

By:     /s/Thomas L. Barron
        Thomas L. Barron (A.B.A #84007)
        Barron & Tucker, P.A.
        1012 West 2nd Street
        Little Rock, Arkansas, 72201
        Telephone:  (501) 376-7939
        Facsimile:   (501) 376-7945
        Email:  tom@barrontucker.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Jan-21  17:27:02
60CV-15-6400
C06D09 : 2 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
9th DIVISION

FREDERICK BROOKS                                          PLAINTIFF

v.                                    NO. 60CV-15-6400

NEW PROJECT, LLC d/b/a HAMPTON                DEFENDANTS
INN & SUITES; HILTON WORLWIDE, INC.

## ATTORNEY'S AFFIDAVIT OF SERVICE

COMES NOW Thomas L. Barron, and first being duly sworn, deposes and saith as follows: That I am the attorney for the Plaintiff, Frederick Brooks, in the above-styled proceedings.

1.      That I mailed to Defendant, Hilton Worldwide, Inc., Reg. Agent: Corporation Service Company, 300 Spring Street, Ste. 900, Little Rock, AR  72201, via certified mail, return receipt requested, a Summons and Complaint, as filed with and issued through the Circuit Court of Pulaski County and assigned Case Number 60CV-15-6400.  Such document was registered under Article No. 7011 2000 0001 1155 2114.

2.      That Jeff Johnson received such mail on January 7, 2016, as evidenced by the return receipt attached hereto as Exhibit "A" and by reference incorporated herein.

FURTHER AFFIANT SAITH NOT.

/s/Thomas L. Barron
Thomas L. Barron
BARRON & TUCKER, P.A.
1012 West 2nd Street
Little Rock, Arkansas 72201
(501) 376-7939
Via Email:  tom@barrontucker.com

SUBSCRIBED AND SWORN to before me, a Notary Public, this 21 day of January, 2016.

Notary Public

My Commission Expires:
12-17-2024

LISA McCLELLAND
No. 12402175
WHITE COUNTY
Commission Expires 12-17-2024

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hilton Worldwide, Inc.
Reg. Agent: Corporation Service Company
300 Spring Bldg. Ste. 900
300 Spring Street
Little Rock, AR 72201

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery

Jeff Johnson                 1/7/16

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

JAN -7 2016

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article Number
   (Transfer from service label)

7011 2000 0001 1155 2114

PS Form 3811, February 2004     Domestic Return Receipt           102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Thomas L. Barron
Barron & Tucker, P.A.
1012 W. 2nd Street
Little Rock, AR 72201

Exhibit A

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Jan-21  17:27:02
60CV-15-6400
C06D09 : 1 Page

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hilton Worldwide, Inc.
Reg. Agent: Corporation Service Company
300 Spring Bldg. Ste. 900
300 Spring Street
Little Rock, AR 72201

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name)   Jeff Johnson   C. Date of Delivery 1/7/16

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

JAN -7 2016

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 2000 0001 1155 2114

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Thomas L. Barron
Barron & Tucker, P.A.
1012 W. 2nd Street
Little Rock, AR 72201

Exhibit A

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Feb-02  10:40:36
60CV-15-6400
C06D09 : 1 Page

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
9th DIVISION

FREDERICK BROOKS                                    PLAINTIFF

v.                              NO. 60CV-15-6400

NEW PROJECT, LLC d/b/a HAMPTON                      DEFENDANTS
INN & SUITES; HILTON ~~WORLWIDE~~, INC.
              WORLDWIDE MSM

## ORDER OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure, the *oral motion by the Plaintiff*

complaint of Plaintiff, Frederick Brooks against Defendant, Hilton Worldwide, Inc.

is hereby voluntarily dismissed without prejudice.  This matter remains pending as

to all other defendants.

IT IS SO ORDERED on _February 2_, 2016.

HONORABLE MARY S. MCGOWAN

APPROVED AS TO FORM:

BARRON & TUCKER, P.A.

By /s/Thomas L. Barron
Thomas L. Barron, A.B.A. # 84007
Barron & Tucker, P.A.
1012 West 2nd Street
Little Rock, Arkansas 72201
Phone: (501) 376-7939
Email: tom@barrontucker.com
ATTORNEYS FOR PLAINTIFF

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Feb-03 11:47:55
60CV-15-6400
C06D09 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
NINTH DIVISION

FREDERICK BROOKS                                                    PLAINTIFF

VS.                              CASE NO. 60CV-15-6400

NEW PROJECT, LLC d/b/a HAMPTON INN &
SUITES; HILTON WORLWIDE, INC.                                      DEFENDANTS

### ANSWER OF NEW PROJECT, LLC D/B/A
### HAMPTON INN & SUITES

Comes Defendant, New Project, LLC d/b/a Hampton Inn & Suites, by its attorneys, Barber Law Firm PLLC, and for its Answer to Plaintiff's Complaint, states:

1.      Defendant does not know the residency of Plaintiff and therefore cannot admit or deny same.

2.      Defendant admits that it is a domestic limited liability company organized under the laws of the State of Arkansas.

3.      Defendant admits that Hilton Worldwide, Inc. is a foreign corporation, licensed to conduct business in Arkansas.

4.      Defendant admits that New Project, LLC d/b/a Hampton Inn & Suites owns and operates a hotel called Hampton Inn & Suites located at 1301 Shackleford Road, Little Rock, AR 72211.

5.      Denied.  The Hotel is not an establishment owned by Hilton, but is owned and operated by another entity, New Project, LLC ("New Project"), through a franchise license agreement with HLT Existing Franchise Holding LLC ("HLT"), as successor in interest to Promus Hotels, Inc.  Both HLT and Promus Hotels, Inc. are wholly owned subsidiaries of Hilton.

1

6.      Defendant admits that Plaintiff is alleging a claim for personal injuries which allegedly occurred at the Hampton Inn in Little Rock, Arkansas.

7.      Defendant does not have sufficient information to admit or deny the allegations of paragraph 7 of the Complaint and therefore those allegations are denied.

8.      Defendant admits that Little Rock experienced cold winter weather in early March 2014 but does not have sufficient information to admit or deny the remaining allegations of paragraph 8 of the Complaint at this time and therefore those allegations are denied. Defendant denies any wrongdoing on its part.

9.      Defendant does not have sufficient information to admit or deny the allegations of paragraph 9 of the Complaint at this time and therefore those allegations are denied.  Defendant denies any wrongdoing on its part.

10.     Defendant does not have sufficient information to admit or deny the allegations of paragraph 10 of the Complaint at this time and therefore those allegations are denied. Defendant denies any wrongdoing on its part.

11.     Defendant admits that the Hampton Inn & Suites is open 24 hours a day but denies all other allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies all allegations contained in paragraph 12 of the Complaint including all subparts.

13.     Defendant denies all allegations contained in paragraph 13 of the Complaint.

14.     Defendant does not have sufficient information to admit or deny the allegations of paragraph 14 of the Complaint at this time and therefore those allegations are denied. Defendant denies any wrongdoing on its part.

2

15.     Defendant admits that Plaintiff has requested a trial by jury and joins in that request.

16.     Defendant denies the allegations contained in the "Wherefore" prayer paragraph of the Complaint.

17.     Defendant states that this Answer is being filed prior to completion of any discovery and specifically reserves the right to plead further pending completion of discovery.

18.     Defendant affirmatively pleads Plaintiff's comparative negligence which is a proximate cause of his injury and is a complete or partial bar to any recovery and in diminution of damages.

19.     Defendant denies all allegations not admitted herein.

WHEREFORE, having fully answered, Defendant, New Project, LLC d/b/a Hampton Inn & Suites, prays that the Complaint of Plaintiff be dismissed, for its costs herein expended, attorney's fees and all other just and proper relief to which it may be entitled.

Respectfully submitted,

  /s/ R. Kenny McCulloch
R. Kenny McCulloch
AR Bar Number 88044
Attorneys for Defendant New Project, LLC d/b/a
Hampton Inn & Suites
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3483
Telephone: (501) 372-6175 / Fax: (501) 375-2802
E-mail: rkmcculloch@barberlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Thomas L. Barron
Barron & Tucker, P.A.
212 Center Street. Suite 600
Little Rock, AR 72201


I hereby certify that on February 3, 2016, I mailed the document and a copy of the Notice of Electronic Filing (NEF) by United States Postal Service to the following non CM/ECF participants:

Hilton Worldwide, Inc.
300 Spring Bldg., Suite 900
300 Spring Street
Little Rock, AR 72201


              /s/ R. Kenny McCulloch
              R. Kenny McCulloch

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Feb-03 11:58:31
60CV-15-6400
C06D09 : 6 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
NINTH DIVISION

FREDERICK BROOKS                                               PLAINTIFF

VS.                            CASE NO. 60CV-15-6400

NEW PROJECT, LLC d/b/a HAMPTON INN &
SUITES; HILTON WORLDWIDE, INC.                           DEFENDANTS

## MOTION TO DISMISS OF HILTON WORLDWIDE, INC.

Comes Defendant, Hilton Worldwide, Inc. (incorrectly named "Hilton Worlwide, Inc." in the style of the Complaint, by and through its counsel, Barber Law Firm PLLC, and for its Motion to Dismiss pursuant to Rule 12(b)(6) Ark. R. Civ. P., states:

1.      Defendant moves to dismiss the Complaint as to Hilton Worldwide, Inc. (hereinafter "Hilton"), on the basis that Plaintiff has failed to state facts upon which relief can be granted pursuant to Rule 12(b)(6) Ark. R. Civ. P.

2.      In the Complaint, there are very few references to Hilton.  In paragraph 5 of the Complaint Plaintiff simply alleges that Hampton Inn & Suites (hereinafter "Hampton") operates pursuant to a franchise agreement with Hilton wherein Hilton granted Hampton the use of Hilton's brand name, service marks and operating system and Hilton is entitled to periodic inspections to ensure that its brand standards are maintained. '

3.      There are no other references to Hilton in the Complaint other than those set forth above.  There is no allegation of any negligence of any kind against Hilton.  There is no basis for direct liability or vicarious liability as to Hilton.  Furthermore, there is no legal basis for

1

any vicarious liability or liability of Hilton for any alleged negligence of New Project, LLC d/b/a Hampton Inn & Suites.

    4.    Attached hereto as Exhibit "A" is the Affidavit of Scott Schrank, Vice President. Brand Performance Support for the Hampton Inn Brand for Hilton Worldwide, Inc. In his affidavit Schrank clearly sets forth the relationship between Hilton, as franchisor, and Hampton Inn & Suites Hotel located on 1301 South Shackleford Road, Little Rock, Arkansas. Schrank's affidavit establishes that the Hampton Inn &Suites Hotel is not an establishment owned by Hilton but is owned and operated by Defendant New Project, LLC through a franchise license agreement with HLT Existing Franchise Holding, LLC ("HLT") as successor in interest to Promus Hotels, Inc. He also clearly states that both HLT and Promus Hotels, Inc. are wholly owned subsidiaries of Hilton.

    5.    Schrank also states that HLT has no responsibility of any kind for the day to day activities of the personnel working at the hotel and further did not control or supervise the operation of or staff at the hotel in any way on the date of the incident at issue in this action. Furthermore, Schrank states that HLT had no responsibility for the maintenance of the parking lot and adjacent areas of the hotel.

    6.    The affidavit of Schrank clearly establishes that Hampton Inn & Suites is the owner of the hotel in question located at 1301 South Shackleford Road, Little Rock, Arkansas. Further Schrank's affidavit clearly shows that Hilton Worldwide, Inc. had no responsibility of any kind from the day to day operation of the hotel including supervision, maintenance, or inspection of the parking lot at the hotel.

    7.    As such, Defendant, Hilton Worldwide, Inc., is entitled to the entry of an Order of Dismissal with Prejudice.

8.     This motion is supported by a Brief in Support which is filed contemporaneously herein and incorporated herein by reference.

WHEREFORE, Defendant, Hilton Worldwide, Inc., prays that the Complaint of Plaintiff be dismissed for failure to state facts upon which relief can be granted, for its costs herein expended, attorney's fees and all other just and proper relief to which it may be entitled.

Respectfully submitted,

/s/ R. Kenny McCulloch
R. Kenny McCulloch
AR Bar Number 88044
Attorneys for Defendant Hilton Worldwide, Inc.
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3483
Telephone: (501) 372-6175 / Fax: (501) 375-2802
E-mail: rkmcculloch@barberlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Thomas L. Barron
Barron & Tucker, P.A.
212 Center Street. Suite 600
Little Rock, AR 72201

I hereby certify that on February 3, 2016, I mailed the document and a copy of the Notice of Electronic Filing (NEF) by United States Postal Service to the following non CM/ECF participants:

Hilton Worldwide, Inc.
300 Spring Bldg., Suite 900
300 Spring Street
Little Rock, AR 72201

/s/ R. Kenny McCulloch
R. Kenny McCulloch

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
NINTH DIVISION

FREDERICK BROOKS
PLAINTIFF

VS.                                                CASE NO. 60-CV-15-6400

NEW PROJECT, LLC d/b/a HAMPTON INN &
SUITES; HILTON WORLWIDE, INC.
DEFENDANTS

### AFFIDAVIT OF SCOTT SCHRANK

I, Scott Schrank, being duly sworn and hereby declare as follows:

1.      I am Vice President, Brand Performance Support for the Hampton Inn Brand for
Hilton Worldwide, Inc. ("Hilton"), am an adult, am suffering under no disability and make this
affidavit based upon my personal knowledge of the facts herein, as well as file materials to
which I have had access.

2.      Hilton is a Delaware corporation that owns, licenses, leases, operates, manages,
and provides various services for a network of hotels, inns, conference centers, timeshare
properties, and other operations.  Within that network of hotels, inns, and conference centers,
Hilton also owns, licenses, leases, operates, and manages Hampton Inn brand hotels throughout
the United States.

3.      Hilton, through its subsidiaries and affiliates, grants licenses for selected, first-
class, independently owned or leased hotel properties, for purposes of branding and marketing.

4.      There is a Hampton Inn and Suites hotel located at 1301 South Shackleford Road,
Little Rock, AR 72211 (the "Hotel").

5.      Plaintiff in the above styled action has commenced a lawsuit against Hilton
Worldwide, Inc. in connection with an alleged personal injury at the Hotel on or around March 4,
2014.

EXHIBIT

"A"

```

6. The Hotel is not an establishment owned by Hilton, but is owned and operated by another entity, New Project, LLC ("New Project"), through a franchise license agreement with HLT Existing Franchise Holding LLC ("HLT"), as successor in interest to Promus Hotels, Inc. Both HLT and Promus Hotels, Inc. are wholly owned subsidiaries of Hilton.

7. As a result of the franchise license agreement, the Hotel operates under certain "marks" including the license, brand, service marks, copyrights, trademarks, logos, insignia, emblems, symbols, designs, slogans and distinguishing characteristics, including trade names and all other marks or characteristics associated with or in connection with the Hampton "brand."

8. In this instant case, HLT granted a license to New Project for purposes of operating the Hotel.

9. New Project is required to maintain insurance naming HLT and its subsidiaries and affiliates as additional insureds, among other obligations.

10. In addition, New Project is required to indemnify HLT, its successors and assigns, and to hold them harmless from all losses, costs, liabilities, damages, claims and expenses, including reasonable attorney's fees arising out of occurrences such as the one that the Plaintiff brought in this action.

11. Per the franchise license agreement, HLT has no responsibility of any kind for the day-to-day activities or the personnel working at the Hotel and further, did not control or supervise the operation of or staff at the Hotel in any way on the date of the incident at issue in this action. Specifically, HLT has no responsibility for the maintenance of the parking lot and adjacent areas of the hotel.

12. Per the franchise license agreement, HLT does not employ the staff at the Hotel.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Scott Schrank

Sworn to before me this __29th__ day of __January__, 2016.

_Patricia F. Malkin_
Notary Public

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Feb-03  11:58:31
60CV-15-6400
C06D09 : 7 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
NINTH DIVISION

FREDERICK BROOKS                                                            PLAINTIFF

VS.                                    CASE NO. 60CV-15-6400

NEW PROJECT, LLC d/b/a HAMPTON INN &
SUITES; HILTON WORLDWIDE, INC.                                 DEFENDANTS

### BRIEF IN SUPPORT OF MOTION TO DISMISS OF HILTON WORLDWIDE, INC.

Separate Defendant, Hilton Worldwide, Inc. ("HW") (incorrectly named "Hilton Worlwide, Inc." in the style of the Complaint and for its Motion to Dismiss pursuant to Rule 12(b)(6) Ark. R. Civ.P., states:

### I. INTRODUCTION

Plaintiff's Complaint should be dismissed because HW neither owed nor undertook any duty with respect to the Plaintiff and because there is no evidence of apparent agency between HW and the franchisee New Project, LLC.

HW had no responsibility for the management or supervision of the daily operations of the hotel, and more specifically, exercised no control, maintenance, repair or supervision of the parking lot where Plaintiff alleges he fell on ice.  HW's primary purpose is the creation and maintenance of hotel brands and trademarks for the purpose of selling the same to business owners.  Finally, there is no evidence of actual or apparent agency by the franchisee on which Plaintiff could base a claim for vicarious liability.

1

The franchise owner, New Project, LLC, is solely responsible for the management and safe operation of the hotel.  By virtue of its limited control over those aspects of the franchise which relate to brand quality and consistency, HW did not owe Plaintiff a duty to protect him from harm.  For these reasons, HW respectfully asks the Court to dismiss Plaintiff's Complaint as against them.

## II. ARGUMENT

### A.      HW owes no duty to Plaintiff under a theory of vicarious liability

Arkansas law has not recognized a right to make a direct-negligence claim against a franchisor.  *See Jones v. Filler, Inc.*, 43 F. Supp. 2d 1052 (W.D. Ark. 1999).  Courts construing issues of franchisor liability in Arkansas have relied on theories of agency and vicarious liability— not direct liability.  *See id.*; *see Miles .v. Century 21 Real Estate LLC*, 4:05-CV-1088 GTE, 2007 WL 92795 (E.D. Ark. Jan. 11, 2007).  This is consistent with a substantial number of other jurisdictions which analyze franchisor liability solely under a theory of vicarious liability.  *See generally Greil v. Travelodge Int'l., Inc.*, 186 Ill. App. 3d 1061, 541 N.E.2d 1288 (1989) (holding that questions of fact existed as to whether franchisor exercised sufficient control over hotel so as to create agency relationship); *Oberlin v. Marlin American. Corp.*, 596 F.2d 1322 (7th Cir. 1979) (considering whether licensing of trademark creates agency relationship); *Murphy v. Holiday Inns, Inc.*, 216 Va. 490 (1975) (license agreement did not create a principal-agent relationship between licensor and motel, and therefore guest could not recover against licensor in slip and fall); *Singleton v. International Dairy Queen, Inc.*, 332 A.2d 160 (Del. Super. 1975) (analyzing whether franchisee was independent contractor or apparent agent; not analyzing primary liability); *Butler v. Colorado Int'l Pancakes, Inc.*, 510 P.2d 443, 445 (Colo. Ct. App. 1973); *McLaughlin v. Chicken Delight, Inc.*, 165 Conn. 317 (1973) (franchisor not liable for death resulting from plaintiff being

struck by vehicle delivering food, where the court found an absence of an agency relationship between the driver and franchisor); *Smith v. Cities Oil Service Oil Co.*, 346 F.2d 349 (7th Cir. 1965) (considering whether agency relationship existed sufficient to impose liability on oil-company owner for incident at service station; "the determinative question is the actual control of the operation of the business"); *but see Utica Mut. Ins. Co. v. Precision Mech. Servs., Inc., 122 Conn. App. 448, 454, 998 A.2d 1228, cert. denied, 298 Conn. 926, 5 A.3d 487 (2010) (analyzing direct franchisor liability)*.

Attached hereto as Exhibit "A" is the Affidavit of Scott Schrank, Vice President. Brand Performance Support for the Hampton Inn Brand for Hilton Worldwide, Inc.  In his affidavit Schrank clearly sets forth the relationship between Hilton, as franchisor, and Hampton Inn & Suites Hotel located on 1301 South Shackleford Road, Little Rock, Arkansas.   Schrank's affidavit establishes that the Hampton Inn &Suites Hotel is not an establishment owned by Hilton but is owned and operated by Defendant New Project, LLC through a franchise license agreement with HLT Existing Franchise Holding, LLC ("HLT") as successor in interest to Promus Hotels, Inc.  He also clearly states that both HLT and Promus Hotels, Inc. are wholly owned subsidiaries of Hilton.

Schrank also states that HLT has no responsibility of any kind for the day to day activities of the personnel working at the hotel and further did not control or supervise the operation of or staff at the hotel in any way on the date of the incident at issue in this action.  Furthermore, Schrank states that HLT had no responsibility for the maintenance of the parking lot and adjacent areas of the hotel.

The affidavit of Schrank clearly establishes that Hampton Inn & Suites is the owner of the hotel in question located at 1301 South Shackleford Road, Little Rock, Arkansas.  Further

3

Schrank's affidavit clearly shows that Hilton Worldwide, Inc., had no responsibility of any kind from the day to day operation of the hotel including supervision, maintenance, or inspection of the parking lot at the hotel.

      **B.**      **HW owed no duty to Plaintiff under a direct negligence theory**

            1.      <u>The risk of the alleged harm suffered by Plaintiff was not foreseeable to HW because HW does not lease, own, operate or supervise its franchisees' hotels.</u>

The alleged harm (ice on a parking lot after a winter storm) was not foreseeable to HW, because HW's involvement with the hotel facility was limited to ensuring brand standards were met and because it does not control daily operations in any manner, this alleged harm was not and could not have been foreseeable to HW.

Finally, nowhere in the Franchise Agreement did HW undertake to ensure patron safety. The limited degree of oversight contemplated by the Franchise Agreement (*i.e.*, requiring that the franchisee provide government permits, inspection reports, etc.) does nothing to modify other terms in the Franchise Agreement which unequivocally provide that the franchisor is "solely responsible" for exercising ordinary business control over the hotel. Because the terms of the Franchise Agreement do not contemplate any supervision or control by HW as to safety measures, it owed and undertook no duty to third party patrons.

            2.      **HW did not have a relationship with Plaintiff sufficient to impose a duty on HW to ensure Plaintiff's safety.**

Plaintiff's contention that HW owed them a duty is based entirely on the alleged fact that the harm Plaintiff encountered was foreseeable to HW. However, even assuming the risk of ice on the parking lot after a winter storm was foreseeable, that determination does not by itself impose a duty on HW to protect Plaintiff. Franchisors in every industry could certainly

contemplate a wide number of risks of harm that might befall patrons at their franchises. However, that fact alone does not extend liability to the franchisor, where the franchisor does not control the aspect of the franchise which results in harm to the third party. "[T]he franchise relationship sets out a detailed scheme of control between two autonomous businesses," and it is well settled that a franchisor's duty extends only to the extent of its own undertaking. Michael R. Flynn, *The Law of Franchisor Vicarious Liability: A Critique*, 1993 Colum. Bus. L. Rev. 89, 90 (1993).

It is well established that a duty can exist only where a risk of harm is foreseeable. *See Costner v. Adams*, 82 Ark. App. 148, 158, 121 S.W.3d 164, 171 (2003); *see Coca Cola Bottling Co. v. Gill*, 352 Ark. 240, 100 S.W.3d 715 (2003). However, Plaintiff's argument on this point ignores an essential and fundamental aspect of the duty analysis—specifically, whether, based on the facts and circumstances, there are "relations between individuals [that] may impose upon one a legal obligation for the other." *See Marlar v. Daniel*, 368 Ark. 505, 247 S.W.3d 473 (2007) (citing W. Prosser, Handbook on the Law of Torts, § 42 at 244 (4th ed. 1971)). Even where a risk to a party is foreseeable, no duty arises if it would be unreasonable under the circumstances to impose a duty on that party to protect another. *See, e.g., Marlar*, 368 Ark. 505, 509, S.W.3d 473, 476 (2007) (holding that the relations between one party in a divorce case and the adversary's expert witness was such that it would be unreasonable to impose upon the expert a legal duty to the other party); *see, e.g., Shannon v. Wilson*, 239 Ark. 143, 947 S.W.2d 349 (1997). Under prior Arkansas dramshop case law, for example, providers of alcohol were not liable to individual injured by intoxicated drivers—despite a degree of foreseeability of such harm associated with the sale of alcohol—as they did not bear a sufficient relationship to the injured party. *Carr v. Turner*, 238 Ark. 889, 385 S.W.2d 656 (1965). In other jurisdictions where courts

have considered direct (as opposed to vicarious) franchisor liability, the question of whether a sufficient relationship exists between a franchisor and a plaintiff/patron has turned on considerations of whether the franchisor exercised control over the harmful condition. *See, e.g., Whitten v. Ky. Fried Chicken Corp.*, 470 N.E.2d 1353, 1357 (Ind. Ct. App. 1991) (holding that the amount of control sufficient to create a duty on the part of the franchisor "must consist of something more than a general right to make suggestions or recommendations or to order the work stopped or resumed").

Courts have found a duty on the part of franchisors to protect a patron from harm where, for instance, the franchisor supplied and required a particular piece of equipment be used on the premises, and that piece of equipment subsequently resulted in harm to the plaintiff. *See, e.g., Papasthis v. Beall* 150 Ariz. 279, 723 P.2d 97 (Ariz. Ct. App. 1986) (franchisor held liable for its negligent selection and recommendation of a soft drink dispenser rack which injured plaintiff). Absent such circumstances, though, courts tend not to impose liability for a franchise's unsafe premises on franchisors that have no control over daily operations. *Yassin v. Certified Grocers of Illinois, Inc.*, 150 Ill. App. 3d 1052 (1986) (franchisor of grocery stores that had no control over daily operations owed no duty to keep patron safe from a meat tenderizer).

Here, as with the expert in *Marlar*, even assuming a risk of harm to Plaintiff was foreseeable to HW (it was not), HW owed no duty to protect Plaintiff from the alleged harm of ice on the parking lot during a winter storm because HW lacked any sort of reasonable relationship to Plaintiff in that regard, as it exercised no control over any aspect of the hotel that could have caused Plaintiff the particular harm at issue. Under HW's franchise system, HW does not instruct the franchisee, beyond certain brand standards, as to any aspect of the operation of the business or the maintenance of the hotel or its parking lot.

### III. CONCLUSION

WHEREFORE, Separate Defendant HW prays that its Motion to Dismiss be granted, that Plaintiff's Complaint be dismissed as against them with prejudice, for its costs and attorney's fees, and for all other just and proper relief to which it is entitled.

Respectfully submitted,

   /s/ R. Kenny McCulloch
R. Kenny McCulloch
AR Bar Number 88044
Attorneys for Defendant New Project, LLC d/b/a
Hampton Inn & Suites
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3483
Telephone: (501) 372-6175 / Fax: (501) 375-2802
E-mail: rkmcculloch@barberlawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Thomas L. Barron
Barron & Tucker, P.A.
212 Center Street. Suite 600
Little Rock, AR 72201

I hereby certify that on February 3, 2016, I mailed the document and a copy of the Notice of Electronic Filing (NEF) by United States Postal Service to the following non CM/ECF participants:

Hilton Worldwide, Inc.
300 Spring Bldg., Suite 900
300 Spring Street
Little Rock, AR 72201

   /s/ R. Kenny McCulloch
R. Kenny McCulloch

7

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Feb-03  11:58:31
60CV-15-6400
C06D09 : 1 Page

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
NINTH DIVISION

FREDERICK BROOKS                                             PLAINTIFF

VS.                          CASE NO. 60CV-15-6400

NEW PROJECT, LLC d/b/a HAMPTON INN &
SUITES; HILTON WORLDWIDE, INC.                          DEFENDANTS

## ENTRY OF APPEARANCE

Comes R. Kenny McCulloch of Barber Law Firm PLLC, and enters his appearance as an

attorney of record for Defendant Hilton Worldwide, Inc.

Respectfully submitted,

  /s/ R. Kenny McCulloch
R. Kenny McCulloch
AR Bar Number 88044
Attorneys for Defendant Hilton Worldwide, Inc.
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3483
Telephone: (501) 372-6175 / Fax: (501) 375-2802
E-mail: rkmcculloch@barberlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2016, I electronically filed the foregoing with the
Clerk of Court using the eFlex system, which shall send notification of such filing to the
following:

Mr. Thomas L. Barron
Barron & Tucker, P.A.
212 Center Street. Suite 600
Little Rock, AR 72201

  /s/ R. Kenny McCulloch
R. Kenny McCulloch

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
NINTH DIVISION

FREDERICK BROOKS                                         PLAINTIFF

VS.                          CASE NO. 60CV-15-6400

NEW PROJECT, LLC d/b/a HAMPTON INN &
SUITES                                                  DEFENDANTS

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:   Mr. Larry Crane
      Pulaski County Circuit Court
      401 West Markham Street, Suite 100
      Little Rock, AR 72201-1425

      Thomas L. Barron
      Barron & Tucker, P.A.
      212 Center Street. Suite 600
      Little Rock, AR 72201

You are hereby notified that on February 5, 2016, a Petition for Removal of this cause

from the Circuit Court of Pulaski County, Arkansas will be filed in the United States District

Court, Eastern District of Arkansas.  Copies of pleadings in this matter are attached hereto and

marked collectively as Exhibit "A".

                         Respectfully submitted,

                          /s/ R. Kenny McCulloch
                         R. Kenny McCulloch
                         AR Bar Number 88044
                         Attorneys for Defendant New Project, LLC d/b/a
                         Hampton Inn & Suites
                         Barber Law Firm PLLC
                         425 West Capitol Avenue, Suite 3400
                         Little Rock, AR 72201-3483
                         Telephone: (501) 372-6175 / Fax: (501) 375-2802
                         E-mail: rkmcculloch@barberlawfirm.com

**EXHIBIT "B"**

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Thomas L. Barron
Barron & Tucker, P.A.
212 Center Street. Suite 600
Little Rock, AR 72201


        /s/ R. Kenny McCulloch
        R. Kenny McCulloch

2